NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANDRE HERD, | : | Civil Action No. 01-4136 (JLL) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| ROY L. HENDRICKS, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    ANDRE HERD, #149137C
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner Pro Se

    JANET FLANAGAN, Deputy Attorney General
    PETER C. HARVEY, ATTORNEY GENERAL
    Division of Criminal Justice - Appellate Bureau
    P.O. Box 086
    Trenton, New Jersey  08625
    Attorneys for Respondents

**LINARES**, District Judge

    Andre Herd, serving an aggregate life sentence for two counts of murder, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Essex County, on October 10, 1986.  Respondents filed an Answer seeking dismissal of the Petition on several grounds, including the  statute of limitations, 28 U.S.C. § 2244(d).  For the reasons expressed below, the Court dismisses the Petition as untimely and denies a certificate of appealability.

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Essex County, on October 10, 1986, after a jury found him guilty of two counts of felony murder, first degree robbery, conspiracy, and possession of a weapon for an unlawful purpose. The Law Division sentenced Petitioner to an aggregate term of two consecutive life sentences, with a sixty-year period of parole ineligibility. Petitioner appealed, and the Superior Court of New Jersey, Appellate Division, affirmed the conviction and remanded for resentencing. On September 23, 1988, the Law Division re-sentenced Petitioner, and on January 10, 1989, the Appellate Division affirmed the sentence. The New Jersey Supreme Court denied Petitioner's petition for certification on May 4, 1989. Petitioner did not file a petition for certiorari in the United States Supreme Court.

Petitioner filed a state petition for post-conviction relief sometime in November 1993. After conducting an evidentiary hearing, the Law Division of the Superior Court of New Jersey denied relief on November 12, 1993. The Superior Court, Appellate Division, affirmed the order denying PCR in February 1996. The Supreme Court of New Jersey denied his petition for certification on May 23, 1996.

Petitioner filed a motion in the Law Division to compel the production of records, which Superior Court Judge R. Benjamin Cohen denied on July 9, 1998. Petitioner appealed and on October 31, 2000, the Appellate Division affirmed.

On August 20, 2001, Petitioner executed the § 2254 Petition which is now before this Court. The Clerk received it on August 29, 2001, with an application to proceed in forma pauperis. The Court notified Petitioner of the consequences of filing such a Petition under the

Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). The Petition asserts seven grounds, none of which raises a right newly recognized by the United States Supreme Court. Respondents filed an Answer, with relevant portions of the state court record, arguing that the Petition should be dismissed as time-barred, unexhausted, and on the merits.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

In this case, the applicable limitations provision is § 2244(d)(1)(A). Because Petitioner's conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year limitations period began on April 24, 1996. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Absent statutory or equitable tolling, the limitations period expired on April 23, 1997. Id.

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt, 326 F.3d at 161; Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling under certain circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Because Petitioner's first PCR petition was pending before the New Jersey courts on April 24, 1996, the limitations period was statutorily tolled from April 24, 1996, until the Supreme Court of New Jersey denied Petitioner's petition for certification by order filed May 23, 1996. See Stokes v. Dist. Attorney of County of Phila., 247 F.3d 539, 541 (3d Cir. 2001). Absent equitable tolling, the one-year statute of limitations expired on May 22, 1997. Id. at 542.

The AEDPA statute of limitations is subject to equitable tolling. Miller, 145 F.3d at 618. The one-year limitations period is subject to equitable tolling "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Equitable tolling is appropriate

> only when the principle of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (internal citations and alterations omitted); see also Merritt, 326 F.3d at 168.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Although Respondents raised the statute of limitations as an affirmative defense in the Answer, Petitioner has not argued that the limitations period should be equitably tolled. The Court has reviewed the submissions of the parties and discerns no extraordinary circumstances warranting equitable tolling. Because Petitioner's direct appeal became final in 1989, he had a one-year grace period to file his § 2254 Petition from April 24, 1996, through April 23, 1997.

Insofar as Petitioner's first petition for PCR was pending on April 24, 1996, the statute of limitations was statutorily tolled and did not begin to run until the New Jersey Supreme Court denied certification on May 23, 1996.  The one-year statute of limitations expired on May 22, 1997.  Because the statute of limitations expired on May 22, 1997, the limitations period was not statutorily tolled by Petitioner's subsequent filing of a motion to compel in the Law Division.  Petitioner did not execute the § 2254 Petition until August 20, 2001, and because there are no extraordinary circumstances warranting equitable tolling, the Court holds that the instant § 2254 Petition is barred by the one-year statute of limitations.  Accordingly, the Court dismisses the Petition as untimely.  28 U.S.C. § 2244(d)(1).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus as untimely and denies a certificate of appealability.  An appropriate Order accompanies this Opinion.


/s/ Jose L. Linares
DATED: October 5, 2005                                        UNITED STATES DISTRICT JUDGE