UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRE HERD, | Hon. Jose L. Linares |
| Petitioner, | Civil No. 01-4136 (JLL) |
| v. | |
| ROY L. HENDRICKS, et al., | OPINION |
| Respondents. | |

**APPEARANCES:**

    ANDRE HERD, #149137C/205684
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey 07114
    Petitioner Pro Se

**LINARES, District Judge**

Andre Herd filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Essex County, on October 10, 1986. By Order and accompanying Opinion entered October 5, 2005, this Court dismissed the Petition with prejudice as untimely and denied a certificate of appealability. Presently before this Court is Petitioner's motion to extend the time to file a notice of appeal. For the reasons expressed below and pursuant to Rule 78 of the Federal Rules of Civil Procedure, this Court will deny the motion. See Fed. R. App. P. 4(a)(5).

**I. BACKGROUND**

By Order and accompanying Opinion entered October 5, 2005, this Court dismissed Andre Herd's § 2254 Petition with prejudice as untimely and denied a certificate of appealability.

On February 6, 2009, the Clerk received from Petitioner a notice of appeal, motion for extension of time to file notice of appeal nunc pro tunc based on excusable neglect, certification of Andre Herd in support of motion, proposed form of order and certificate of service. The cover letter to the Clerk for Petitioner's motion is dated January 20, 2009.

Petitioner bases his motion to extend the time to appeal on the following facts which are set forth in his certification:

> I am presently housed on one of the administrative segregation lock up unit with the prison and have been so confined over the past 5 months. [P]rior to my being placed in administrative segregation I was housed in unit 1-left for over 15 days which is also a detention unit. [B]ecause of my placement in these various lock up units I have been unable to attend the law library or receive any other type of assistance needed to order to perfect this present petition. I HAVE been totally dependent upon the prison paralegal assistance to assist me throughout my appeal process as well as in the filing of this present motion.
>
> IN being transferred to the different lock up units in different prisons I have been without my property for weeks and sometimes months at a time. Because of same, I have been unable to timely meet the date of September 15, 2002, for which to file my petition for rehearing in banc. As a matter of fact, if not for the assistance of paralegal D. Knight I would not have been able to file my petition for rehearing nor the present motion to have the same filed out of time.
>
> In view of the above I earnestly implore that my petition for rehearing in banc be accepted as within time.

(Certif. of Andre Herd, dated Dec. 20, 2008, ¶¶ 2-3.)

## II. DISCUSSION

Section 2107(a) of Title 28 of the United States Code establishes the time limit for filing a notice of appeal in a civil case: "Except as otherwise provided in this section, no appeal shall

bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree." 28 U.S.C. § 2107(a); see also Fed. R. App. P. 4(a)(1) ("the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered").[1] Section 2107(c) permits the district court to extend the time for appeal. See 28 U.S.C. § 2107(c). This statute provides:

> The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause. In addition, if the district court finds--
>
> (1) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and
>
> (2) that no party would be prejudiced,
>
> the district court may, upon motion filed within 180 days after entry of the judgment or order or within 7 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

28 U.S.C. § 2107(c).

Accordingly, Rule 4(a)(5) permits the district court to extend the time to file a notice if appeal if the following two conditions are met:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

---

[1] Where a pro se prisoner files the notice of appeal, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. Civ. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988) (pro se prisoner's notice of appeal is "filed" at the moment of delivery to prison officials for mailing to the court).

3

>  (ii) regardless of whether its motion is filed before or during the 30
>  days after the time prescribed by this 4(a) expires, that party shows
>  excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). Rule 5(a) further provides that "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Since Petitioner does not assert that he failed to receive notice of this Court's Opinion and Order within 21 days of entry on October 5, 2005, this Court may grant Petitioner's motion only if (1) he filed it "not later than 30 days after the expiration of the time otherwise set for bringing appeal," 28 U.S.C. § 2107(c), see IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc., 788 F.2d 118, 122 n.2 (3d Cir. 1986), and (2) he shows either excusable neglect or good cause, see 28 U.S.C. § 2107(c); In re: Diet Drugs Products Liability Litigation, 401 F.3d 143, 154 (3d Cir. 2005).

As to the time requirement, the Order which Petitioner seeks to appeal was entered on October 5, 2005. See Fed. R. Civ. P. 4(a)(7)(A)(ii). The time for Petitioner to file a timely notice of appeal under Rule 4(a)(1)(A) therefore expired November 7, 2005. The time to file a timely motion to extend the time expired 30 days later on December 7, 2005. Since the cover letter for Petitioner's motion for extension of time to file a notice of appeal is dated January 20, 2009, Petitioner has not shown that he handed his motion papers to prison officials for mailing to the Clerk on or before December 7, 2005. See Fed. R. App. P. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing"). Thus, the motion fails to satisfy the condition that it was filed "not later than 30 days after the expiration of

4

the time otherwise set for bringing appeal." 28 U.S.C. § 2107(c); see also under Rule 4(a)(5)(A)(i).[2] This Court will therefore deny the motion to extend the time to file a notice of appeal.

### IV. CONCLUSION

Based on the foregoing, the Court denies Petitioner's motion to extend the time to file a notice of appeal.

Dates: March 9, 2009  /s/ Jose L. Linares
**JOSE L. LINARES, U.S.D.J.**

---

[2] "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit [in the institution's internal mail system] and state that first-class postage has been prepaid." Fed. R. App. P. 4(c).